**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD ANDREW TARANTINO, JR., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STEVEN SYPUTA; RON ACE; CODY HARRISON; TONY HUNLEY; SHAWN SPENCER; KRISTINA CHAMPAGNE; SHERRY R. RUBIO, dba: Contra Costa Tow; dba: Save Tow Towing Company; MARIA BATTERTON, dba: Bay Point Tow Service; BRYRICH CORPORATION, dba: B&D Towing; dba: Road One of Concord California; CITY OF CONCORD; MICHAEL RHODES; BAY POINT TOW; SAVE TOW TOWING COMPANY, <br><br> Defendants - Appellees. | No. 06-16178 <br><br> D.C. No. CV-03-03450-MHP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted March 11, 2008
San Francisco, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, BRUNETTI and FISHER, Circuit Judges.

Richard Tarantino sued the City of Concord (which has since settled), various city employees and two private towing companies and their employees for damages he allegedly suffered from the seizure of three unregistered vehicles and, on another occasion, the search of his residence.  We affirm the district court's grant of summary judgment in favor of the defendants-appellees.

Although "plain view" seizures are "scrupulously subjected to Fourth Amendment inquiry," *Soldal v. Cook County*, 506 U.S. 56, 66 (1992), the Constitution is not offended by the warrantless abatement of a vehicle in accordance with a valid state law from a location where the possessor has no reasonable expectation of privacy.  *See Schneider v. County of San Diego*, 28 F.3d 89, 92 (9th Cir. 1994).  We agree with the district court that the Fourth Amendment was violated because the Concord Municipal Code did not in fact authorize the seizure of Tarantino's vehicles.  Tarantino fails to "specifically and distinctly" controvert the district court's conclusion that the inapplicability of the ordinance was not clearly established, however, so we affirm the police officers' entitlement to qualified immunity.  *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

The district court also correctly determined that the private towing companies are entitled to invoke a good faith defense. The towing companies' filings in the district court did not articulate the defense as clearly as might be desired, but they sufficiently placed Tarantino on notice that the companies were raising a good faith defense. *See Clement v. City of Glendale*, No. 05-56692, 2008 WL 638360 at *4-5 (9th Cir. Mar. 11, 2008). As in *Clement*, the towing companies acted at the direction of the police and had no reason to suspect that the seizure of Tarantino's vehicles was constitutionally improper. *See id.*

We agree with the district court that Neighborhood Preservation Specialist Karen Champagne properly raised her quasi-prosecutorial immunity defense below. Tarantino failed to offer any substantive arguments against the district court's grant of immunity to Champagne. He has thereby waived any such arguments.

We also affirm the district court's grant of summary judgment in favor of the defendants-appellees as to Tarantino's state-law intentional infliction of emotional distress and conversion claims. *See Cochran v. Cochran*, 65 Cal. App. 4th 488, 496-97 (1998); *Brian T. v. Pacific Bell*, 210 Cal. App. 3d 894, 908 (1989).

Tarantino did not comply with the requirements of Rule 56(f) of the Federal Rules of Civil Procedure for continuing summary judgment proceedings until

additional discovery could be pursued. *See United States v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir. 2002). "References in . . . declarations to a need for discovery do not qualify as motions under Rule 56(f)." *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001).

The defendants-appellees' failure to disclose the names of the neighbors who filed the December 2002 and April 2003 complaints was harmless. *See* Fed. R. Civ. P. 26(a)(1)(A), 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

**AFFIRMED.**